

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

July 24, 1947

Honorable John H. Winters,
Executive Director,
State Department of Public Welfare,
Austin, Texas

Opinion No. V-311

Re: Procedure for adoption of a child born to an unwed mother, inmate of a State insane hospital.

Dear Sir:

You make the following request for an opinion from this department upon the above captioned subject matter.

"On January 1, 1947 a child was born to an unmarried girl who was at the time and still is an inmate of one of the State mental hospitals. The mother of the child was duly committed to the institution pursuant to a lunacy judgment.

"Of course, the child cannot be reared in the State mental hospital with its mother, and the department has been requested to assist in the placement of the child for adoption. In discussing the adoption proceedings with the District and County Judges of the county from which the mother of the child was committed they raised the following questions about the proceedings.

"The first question had reference to the matter of jurisdiction since the State hospital where the child was born is situated in a county other than the one from which the mother was committed. Does the county where the child was born, or the county from which the mother was committed have jurisdiction?

"...

"We shall appreciate your opinion as
to whether or not there is any way where-
by the child may be adopted while the
mother is mentally ill and confined to a
State hospital.  If so, what is the cor-
rect procedure for terminating the par-
ental authority?"

In opinion No. V-42 addressed to Honorable
Carlos C. Ashley, Chairman, State Board of Control, this
department advised with respect to a similar question
that, "a child born to a woman who has been lawfully com-
mitted to a State mental institution may be lawfully a-
dopted under the general statutes of adoption; . . ."

There are two features which make the case
an unusual one under the adoption laws.  The mother is an
unmarried girl and, moreover, was at the time of the birth,
and still is an inmate of one of the State mental hospi-
tals.

The pertinent general statutes applicable to
your inquiry are the following:

House Bill No. 369 passed at the Regular Ses-
sion of the 50th Legislature, in Section 1 declares:

"Any adult person may petition the
district court in any of the following
counties:

(1)  The county of his residence,

(2)  The county of the residence of
the child to be adopted, . . . for leave
to adopt a minor child:  Such petition
shall set forth the facts relative to pe-
titioner and child, and be verified by the
affidavit of the petitioner. . ."

Section 6 of Article 46a, Vernon's Civil Stat-
utes provides:

"Except as otherwise amended (pro-
vided) in this section, no adoption shall
be permitted except with the written con-
sent of the living parents of a child;

"  .  .

"  .  .  .  Consent shall not be required
of parents whose parental rights have been
terminated by order of the juvenile court
or other court of competent jurisdiction;
provided, however, that in such cases a-
doption shall be permitted only on consent
of the superintendent of the home or school
or of the individual to whom the care, cus-
tody, or guardianship of such child has
been transferred by a juvenile court or oth-
er court of competent jurisdiction.

"In case of a child not born in law-
ful wedlock the consent of the father shall
not be necessary."

Since the child in question was not born in
lawful wedlock, the consent of the father is unnecessary;
and, since the mother is insane she is incapable of giv-
ing her consent.

There is no exception to the statutory re-
quirement for consent of a parent because of insanity, so
that it becomes necessary to determine whether or not it
may be dispensed with under the provision immediately a-
bove quoted as one "whose parental rights have been ter-
minated by order of the juvenile court or other court of
competent jurisdiction." The question of an order of the
juvenile court is out of consideration for the child is
not of juvenile age.

We are of the opinion that the proper proced-
ure is for some interested person to make application to
the county court for appointment as guardian in the coun-
ty where the mother and infant reside (Art. 4111) where-
upon such guardian would be statutorily "entitled to the
charge and control of the person of the ward and the care
of his support and education," (Art. 4142) and the order
itself should terminate the mother's parental rights un-
der Section 6 of Article 46a as amended, (39 C.J.S. p.
89,c) The guardian thus appointed would be authorized to
consent to the adoption of the child.

In such a guardianship proceeding it would be
proper to make the mother a party and she should be ac-
tually served with notice therein by physical delivery of
the notice to her by the officer serving the process, and

the Court should appoint a guardian ad litem attorney to represent her.

## SUMMARY

A child born of an unmarried woman inmate of a State insane hospital may be lawfully adopted under Texas law. The proper procedure would be to have a guardian appointed for the person of the child and an order of the appointing court terminating the parental rights of the mother. (Art. 4162 V.C.S.)  The guardian thus appointed would be authorized to consent to the adoption of the child.  (Art. 46a, V.C.S. Sec 6, 39 C.J.S. p. 89,c)

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By  Ocie Speer

Ocie Speer
Assistant

OS:wb

APPROVED:

Price Daniel

ATTORNEY GENERAL